ZEHMER, Chief Judge.
The Judge of Compensation Claims’s final order denying Judith Lowry’s claim for vocational rehabilitation benefits is not based on *978 competent and substantial evidence and is, therefore, reversed.
Apart from confusing the type of program in which Lowry had enrolled at the Pinellas Technical Education Center[1], the judge found that the program was “in no way designed to return [Lowry] to her pre-injury wage, as she already possessed the skills to make as much or more as a medical secretary [sic], without retraining.” There is no competent evidence in the record to support the finding that Lowry could make “as much or more” without retraining and by utilizing her existing skills than she would as a medical assistant. There is also no evidence to support the additional finding that Lowry did not need retraining because she had sufficient transferrable skills to obtain a suitable position.
First, it was undisputed that no potential job would have offered Lowry an entry-level salary commensurate with her pre-injury wages. Second, Sally Mertel, a rehabilitation coordinator presented by the Employer/Carrier, testified that some minimum retraining would be needed, but that finding a job within Lowry’s existing skills would not be any more likely to return Lowry to her pre-injury wage than would retraining in the medical assistant program. That testimony does not competently rebut Lowry’s claimed need for retraining. Finally, Lowry’s nine-month unsuccessful job search counters any other suggestion conveyed by the expert testimony that she already possessed transfer-rable skills that would enable her to make “as much or more” in her chosen field of retraining.
Ultimately, the view expressed by the judge in her final order, and by the Employer/Carrier’s argument on appeal, is “fundamentally at odds” with the concept of “rehabilitation” in section 440.49, Florida Statutes (1987), as interpreted by this court in Viking Sprinkler Company v. Thomas, 413 So.2d 816 (Fla. 1st DCA 1982). As we admonished in Viking Sprinkler, an Employer/Carrier’s gesture of simply finding a job for the injured claimant cannot be equated with the provisions of “training and education” in the statute. Id. at 817. Furthermore, in that case, we rejected the notion that the Employer/Carrier enjoy the “right of ‘first choice’ ” in the selection of the occupation to be pursued by the claimant. Instead, we emphasized that the choice of suitable employment involves many factors, “not the least of which are the employee’s aptitude, interest, desire, or ‘motivation’ to engage in a certain type of work.” Id. at 818.
Although the judge in the present case expressly acknowledged the holding in Viking Sprinkler, the order reflects a substantial departure from its rationale. The repeated references to Lowry’s transferrable skills indicate that emphasis in the order was on “specialized job placement” rather than on “suitable gainful employment” contemplated by subsection 440.49(l)(a). Under the dictates of Viking Sprinkler, the mere prospect of job placement does not alone negate the necessity and desirability of restoring the claimant to suitable gainful employment through rehabilitation. See § 440.49(l)(d).
In the present case, the necessity for rehabilitation is supported by evidence establishing that Lowry conducted an unsuccessful job search, that her compensable injuries precluded her from “earning wages equal to wages earned prior to the injury,” subsection 440.49(l)(a), and that the medical assistant program was suited to her needs and abilities. The Employer/Carrier did not present any substantial and competent evidence to prove otherwise. Consequently, Lowry was entitled under the clear terms of the statute to “prompt rehabilitative services”. See also Walker v. New Fern Restorium, 409 So.2d 1201 (Fla. 1st DCA 1982). We therefore reverse the Judge of Compensation Claim’s denial of rehabilitative benefits and remand *979 for an award of said benefits for the period claimed.[2]
KAHN, J., concurs.
ALLEN, J., concurs in part and dissents in part with opinion.

. Lowry was enrolled in the medical assistant program but the order consistently makes reference to the medical secretary program. The error is not insignificant. The evidence showed that those persons enrolled in the medical assistant program would enjoy a broader range of job opportunities upon graduation, with a potentially higher entry-level salary than would those enrolled in the medical secretary program.

. This does not mean, however, that Lowry is automatically entitled to temporary total disability benefits for this same period. Subsection 440.49(l)(e), Florida Statutes (1987), provides that the claimant shall receive "temporary” disability benefits pursuant to subsections 440.15(2)(a) and (4). Subsection 440.15(4) specifically addresses the provision of temporary partial wage loss benefits. Here, the judge found that Lowry was capable of working part time during her training. Because Lowry did not specifically challenge that finding on appeal, she has waived any issue as to its evidentiary support in the record.